| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Larry D Simons (TR)<br>3610 Central Avenue, Suite 400<br>Riverside, CA 92506<br><br>(951) 686-6300<br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE**

| In re:<br><br>Marya Cadena Hurtado<br><br><br>_____ Debtor(s). | CASE NO.: 6:20-bk-12498-SY<br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 6:21-ap-01023-SY |
|---|---|
| Larry D Simons (TR)<br><br>Plaintiff(s)<br>Versus<br>Cesar Pacheco<br><br><br>_____ Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **03/22/2021.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

    **Date:** May 20, 2021
    **Time:** 09:30 AM
    **Hearing Judge:** Scott H. Yun
    **Location:** 3420 Twelfth St., Crtrm 302, Riverside, CA 92501

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                      Page 1                    **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016−1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>February 18, 2021</u>

By: <u>"s/" Cynthia Potier</u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 2                         F 7004−1.SUMMONS.ADV.PROC

Larry D. Simons
*larry@lsimonslaw.com*
**CHAPTER 7 TRUSTEE**
3610 Central Avenue, Suite 400
Riverside, California 92506
Telephone: 951.686.6300
Facsimile: 951.742.4733

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| In re<br><br>MARYA CADENA HURTADO, an individual<br><br>Debtors.<br><br>LARRY D. SIMONS, solely in his capacity as Chapter 7 Trustee<br><br>Plaintiff,<br><br>v.<br><br>CESAR O. PACHECO, an individual<br><br>Defendant, | Case No. 6:20-bk-12498 SY<br><br>Adv. Proc. No.<br><br>Chapter 7<br><br>**COMPLAINT TO AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR(S)**<br><br>[11 U.S.C. § 363(h)]<br><br>DATE: TO BE SET<br>TIME: TO BE SET<br>PLACE: CTRM 303<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |
|---|---|

**TO THE HONORABLE SCOTT YUN, UNITED STATES BANKRUPTCY JUDGE; THE DEFENDANT, AND HIS COUNSEL OF RECORD, IF ANY:**

For his Complaint for Authority to Sell Property Owned, in part, by Non-Debtor (the "Complaint") against defendant Cesar O. Pacheco ("Pacheco" or "Defendant"), plaintiff Larry D. Simons, the duly appointed, qualified and acting Chapter 7 Trustee for the estate of the debtors Marya Cadena Hurtado (the "Debtor") hereby alleges as follows:

///

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2. Plaintiff, Larry D. Simons (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Riverside Division which is styled <u>In re Marya Cadena Hurtado</u>, bearing Case No. 6:20-bk-12498 SY (the "Bankruptcy Case").

3. The debtor Marya Cadena Hurtado (the "Debtor") initiated this case by filing a voluntary Chapter 7 petition on March 28, 2020 (the "Petition Date").

4. Defendant Cesar O. Pacheco ("Pacheco") is an individual residing within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5. The instant complaint (the "Complaint") against the Defendant initiates an adversary proceeding in which Plaintiff is seeking authority to sell the Defendant's interest in real property commonly known as 8324 Deerland Bluff Lane, Riverview, Florida 33578 (the "Property").

6. Debtor and Defendant obtained joint title to the Property via a Special Warranty Deed dated November 30, 2012 and recorded December 3, 2012 as instrument number 2012430454 (the "Deed").

7. The Deed provides that title to the Property, was, and currently is, vested as "Marya Cadena and Cesar O. Pacheco, as Joint Tenants with full Rights of Survivorship."

8. Based upon a recent mortgage statement produced by Debtor's counsel pursuant to a request by the Trustee, Plaintiff is informed and believes and, on that basis alleges that as of the Petition Date, the Subject Property was encumbered by a mortgage with an outstanding balance of approximately $109,000.00.

2

9. Plaintiff is informed and believes and, on that basis alleges that the Property has a current fair market value of at least $210,000.00.

## FIRST CLAIM FOR RELIEF

### TO OBTAIN APPROVAL FOR SALE OF REAL PROPERTY OWNED, IN PART, BY A NON-DEBTOR

**[11 U.S.C. § 363(h)]**

10. Plaintiff realleges each and every allegation contained in paragraphs 1 through 9 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

11. Based upon the current value of the Property and the amount of liens and encumbrances against the Property as of the Petition Date, and taking into account, estimated costs of sale, the Subject Property has gross equity of about $85,000.00, at least half of which constitutes property of the Estate.

12. Partition of the Property between the Estate and the Defendant is impracticable.

13. The sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than sale of the Property free of the interests of the Defendant.

14. The benefit to the Estate of a sale of the Property free of the interests of the Defendant outweighs the detriment, if any, to the Defendant.

15. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

16. By reason of the foregoing, the Plaintiff may sell the interest of Defendant in the Property pursuant to 11 U.S.C. Section 363(h).

///
///
///
///
///
///

3

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

1. To obtain approval for the sale of the interests of the non-Debtor Defendant in the Property pursuant to 11 U.S.C. § 363(h);

2. For attorney's fees; and

3. For costs of suit incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated: February 18, 2021

/s/*Larry D. Simons*
Larry D. Simons, Chapter 7 Trustee

Larry D. Simons, Chapter 7 Trustee
3610 Central Avenue, Suite 400
Riverside, California 92506

4

*Effective August 1, 2020*

# STATUS CONFERENCE PROCEDURES
# FOR THE HON. SCOTT H. YUN

The court will set an initial status conference in all adversary proceedings and chapter 11 cases. Trial counsel must appear at the initial adversary proceeding status conference in person, and debtor's counsel must appear at the initial chapter 11 status conference in person. Unless otherwise ordered by the court, parties and counsel may attend subsequent status conferences telephonically in accordance with Judge Yun's telephonic appearance procedures (which are available on the court's website, www.cacb.uscourts.gov, by clicking on "Judges," "Our Judges," and then the judge's name).

## I.     STATUS REPORTS

A.    A thorough, written status report, filed fourteen days in advance of the hearing, is required before **every initial or continued** adversary proceeding and chapter 11 status conference. For adversary proceeding status conferences, the status report must be a joint status report using Local Bankruptcy Rule Form F 7016-1.STATUS.REPORT. This form is available on the court's website. Failure to file a joint status report may result in the imposition of monetary sanctions or the status conference being continued and parties being ordered to redo the status report to conform to the Local Bankruptcy Rule form. For chapter 11 status conferences, please **do not** use the optional form F 2081-1.1.C11.STATUS.RPT.

B.    Pursuant to Local Bankruptcy Rule ("LBR") 7016-1(a)(3), if a defendant has not responded to the complaint or fails to cooperate in the preparation of a joint status report, the plaintiff is required to file a unilateral status report not less than seven days before the date scheduled for the status conference. The unilateral status report shall include a declaration setting forth the attempts made by the plaintiff to contact or obtain the cooperation of the defendant in the preparation of a joint status report.

A status report (either joint or unilateral) is not required *only* in the following limited circumstances:

1. The matter is an adversary proceeding and, prior to the date scheduled for the status conference, the court has entered an order approving a stipulation that resolves all issues raised by the adversary proceeding that provides either for dismissal of the action in its entirety or the entry of judgment in the action.

2. Prior to the date scheduled for the status conference, the court has entered an order approving a stipulation continuing the status conference to a later date (a written status report must be filed not less than fourteen days in advance of the continued status conference date).

*Effective August 1, 2020*

3. The court has expressly relieved the parties of the obligation to file a written status report.

Unless one of the three exceptions outlined above applies, status reports must be filed in a timely manner. Parties that fail to do so may be subject to a minimum sanction of $500.00, or such other sanctions as may be warranted under the circumstances or allowed under LBR 7016-1(f) and 11 U.S.C. § 105.

Failure to appear for a status conference in an adversary proceeding may also result in a minimum sanction of $750.00, dismissal of the adversary proceeding for failure to prosecute, or such other sanctions as may be warranted under the circumstances or allowed under LBR 7016-1(f) and 11 U.S.C. § 105.

## II.   DEFAULT

If a response to the complaint is not timely filed, the plaintiff should file a request for entry of default by the clerk. The plaintiff also may request entry of a default judgment by filing and serving (if necessary) an appropriate motion with supporting evidence. See Fed. R. Bankr. P. 7055 and LBR 9021-1(d).

## III.   FINAL JUDGMENT

If the parties dispute whether the court can enter a final judgment or order in the adversary proceeding, they must file points and authorities in support of their positions. Any party contending that the court cannot enter a final judgment must file and serve a memorandum of points and authorities, along with evidence, in support of its position no less than fourteen days before the initial status conference. Any response must be filed at least seven days before the initial status conference. **If a party does not file and serve its papers in a timely manner, that failure may be deemed consent to whatever determination the court makes.**

## IV.   JURY TRIAL

Any party claiming a right to trial by jury must make a timely demand as set forth in LBR 9015-2. Any party asserting a right to a jury trial must file and serve a memorandum of points and authorities, along with evidence, in support of its position no less than fourteen days before the initial status conference. Any response must be filed at least seven days before the initial status conference. **If a party does not file and serve its papers in a timely manner, that failure may be deemed consent to whatever determination the court makes.**

## V.   MISCELLANEOUS FOR ADVERSARY PROCEEDINGS

1. Unless otherwise ordered by the court, within seven days after the initial status conference, the plaintiff must submit a scheduling order.

*Effective August 1, 2020*

2. A copy of these instructions—including LBR Form F 7016-1.STATUS.REPORT attached as Exhibit A—must be attached to every copy of the complaint served upon a party, and the proof of service must state that a copy of these instructions was served along with a copy of the summons and complaint.

*Effective August 1, 2020*

# EXHIBIT A

(The plaintiff shall attach a copy of Local Rule Form
F 7016-1.STATUS.REPORT here)

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - \*\*SELECT DIVISION\*\***

| In re:<br><br><br>Debtor(s). | CASE NO.:<br><br>ADVERSARY NO.:<br><br>CHAPTER: |
|---|---|
| <br>vs.<br>Plaintiff(s).<br><br><br><br>Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]** |
| | DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

A. **PLEADINGS/SERVICE:**
  1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?   ☐ Yes  ☐ No
  2. Have all parties filed and served answers to the Claims Documents?   ☐ Yes  ☐ No
  3. Have all motions addressed to the Claims Documents been resolved?   ☐ Yes  ☐ No
  4. Have counsel met and conferred in compliance with LBR 7026-1?   ☐ Yes  ☐ No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 1                    F 7016-1.STATUS.REPORT

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

B. <u>**READINESS FOR TRIAL**</u>:

    1. When will you be ready for trial in this case?

        <u>Plaintiff</u>         <u>Defendant</u>

    2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

        <u>Plaintiff</u>         <u>Defendant</u>

    3. When do you expect to complete <u>your</u> discovery efforts?

        <u>Plaintiff</u>         <u>Defendant</u>

    4. What additional discovery do you require to prepare for trial?

        <u>Plaintiff</u>         <u>Defendant</u>

C. <u>**TRIAL TIME**</u>:

    1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

        <u>Plaintiff</u>         <u>Defendant</u>

    2. How many witnesses do you intend to call at trial (*including opposing parties*)?

        <u>Plaintiff</u>         <u>Defendant</u>

---

**This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.**

*December 2015*      Page 2      F 7016-1.STATUS.REPORT

3. How many exhibits do you anticipate using at trial?

        <u>Plaintiff</u>                          <u>Defendant</u>

D. **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

        <u>Plaintiff</u>                          <u>Defendant</u>

Pretrial conference ☐ is ☐ is not requested      Pretrial conference ☐ is ☐ is not requested
Reasons:                                                     Reasons:

        <u>Plaintiff</u>                          <u>Defendant</u>

Pretrial conference should be set <u>after</u>:        Pretrial conference should be set <u>after</u>:

*(date)* _____                      *(date)* _____

E. **SETTLEMENT:**

1. What is the status of settlement efforts?

2. Has this dispute been formally mediated?    ☐ Yes   ☐ No
    If so, when?

3. Do you want this matter sent to mediation at this time?

        <u>Plaintiff</u>                          <u>Defendant</u>

    ☐ Yes   ☐ No                          ☐ Yes   ☐ No

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                          Page 3                          F 7016-1.STATUS.REPORT

F. **FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

| Plaintiff | Defendant |
|---|---|
| ☐ I do consent | ☐ I do consent |
| ☐ I do not consent | ☐ I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Respectfully submitted,

Date: _____                             Date: _____

_____                  _____
Printed name of law firm                        Printed name of law firm

_____                  _____
Signature                                       Signature

_____                  _____
Printed name                                    Printed name

Attorney for: _____                 Attorney for: _____

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                Page 4                F 7016-1.STATUS.REPORT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3610 Central Avenue, Suite 400, Riverside, California 92506

A true and correct copy of the foregoing document entitled (*specify*):

1. **SUMMONS AND NOTICE OF STATUS CONFRERENCE**
2. **COMPLAINT TO AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR(S)**
3. **STATUS CONFERENCE PROCEDURES WITH COPY OF STATUS REPORT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __2/19/21_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OUST-RIVERSIDE:** ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) ___2/19/21_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Defendant, Cesar Pacheco:**   7857 Zephyr Street, Fontana, CA 92336-3925
29546 Crest View Lane, Highland, CA 92346-7712
8324 Deerland Bluff Lane, Riverview, FL 33578-8644

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/19/21 | Cynthia Ramirez | /s/ Cynthia Ramirez |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE